UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

                Plaintiff,

v.                                            Case No. 21-cv-109-pp

SCOTT ECKSTEIN, JOHN KIND,
CHRISTOPHER STEVENS and STEVEN SCHUELER,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 27), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 23), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY PROCEEDINGS (DKT. NO. 23), GRANTING IN PART PLAINTIFF'S MOTION FOR COMPLETE REPRODUCTION OF THE RECORD (DKT. NO. 23) AND SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On September 13, 2022, the defendants filed a motion for summary judgment on exhaustion grounds. Dkt. No. 14. Before the deadline arrived for the plaintiff to respond,[1] he filed a combined motion for preliminary injunction, appointment of counsel, to stay proceedings and for a complete reproduction of the record. Dkt. No. 23. The plaintiff also has filed a motion to withdraw his motion for preliminary injunction. Dkt. No. 27.

In his combined motion, the plaintiff describes an investigation that took place at Columbia Correctional Institution, where he was incarcerated. Dkt.

---

[1] The plaintiff filed a motion for extension of time to file his response to the defendants' motion for summary judgment, which the court granted. Dkt. Nos. 21, 22.

1

No. 23. First, the plaintiff states that on October 26, 2022, Captain Peters directed security staff to conduct a "no knock cell entry" of the plaintiff's cell. Id. at 2. The plaintiff says that he was held in segregation for six days and that while there, staff searched his property, including his legal and non-legal papers. Id. Staff conducted drug testing on the plaintiff's papers, the results were negative and staff returned the plaintiff's papers, but the plaintiff says that he was missing a lot of documents. Id. The plaintiff says he complained to staff about the missing documents and threatened to file a lawsuit if they were not returned. Id.

The plaintiff asserts that on November 16, 2022, Peters ordered another "no knock cell entry" and placed the plaintiff back into segregation pending an investigation. Id. at 3. He says that Peters again confiscated all his legal and non-legal papers. Id. The plaintiff states that he sustained injuries to his neck, wrists and left knee as security staff rushed into his cell and tackled him. Id. According to the plaintiff, Peters issued him Conduct Report 294247, asserting that mail addressed to the plaintiff from this court, the Wisconsin Department of Justice and Attorney Mark Rosen contained illegal substances. Id. at 4. The plaintiff states that Peters intercepted the mail, opened it outside the plaintiff's presence and did not deliver it to the plaintiff. Id. The plaintiff requested Columbia County Sheriff Detective Leland as a witness at his due process hearing, but his request was denied. Id. at 6.

In his motion for preliminary injunction, the plaintiff says that he sought an emergency hearing and an order directing the return of his papers.[2] Id. at 6-7.

In support of his request for appointment of counsel, the plaintiff states that while he is competent to prosecute this case at its current stage, extraordinary circumstances exist because prison officials have hindered his ability to prosecute his legal matters. Id. at 8. According to the plaintiff, his legal mail has been opened outside his presence and confiscated, which has left him unable to respond to the defendants' filings and comply with court orders. Id. He says that all his legal papers and supplies have been withheld from him since November 16, 2022. Id. The plaintiff states that he has letters from lawyers declining to represent him, but that he cannot submit the letters as proof to the court that he made several attempts on his own to recruit counsel. Id. at 9. The plaintiff says he seeks counsel because he cannot predict when he will be able to prosecute this case unrepresented. Id.

In his motion to stay proceedings, the plaintiff states that based on the events described above, he asks the court stay proceedings until the courts deems that the case can move forward. Id. at 10.

---

[2] As stated above, the plaintiff has filed a motion to withdraw his motion for preliminary injunction. Dkt. No. 27. He states that he sought injunctive relief to preserve the documents but that since he filed the motion, the documents were retested, the results were negative for the presence of illegal substances and Warden Fuchs reversed the guilty finding on the conduct report. Id. at 2. The court will grant the plaintiffs motion to withdraw his motion for preliminary injunction.

3

The plaintiff has moved for reproduction of the record. Id. at 10. He says that he no longer possesses the documents from this case, and he asks the court for a full set of all filings docketed in this case. Id.

In response to the plaintiff's motions, the defendants state that while staff confiscated the plaintiff's legal documents after they tested positive for drugs, the court should deny his motions because all the plaintiff's documents have been returned to him. Dkt. No. 25 at 1. The defendants state that on October 26, 2022, the plaintiff's legal work was confiscated from his cell and reviewed for possible contraband based on information received that the plaintiff was receiving drugs through the mail. Id. at 2. The plaintiff's property was reviewed, no contraband was found and his documents were returned to him. Id.

Next, the defendants state that on November 16, 2022, the plaintiff was placed in temporary lock-up (TLU) pending an investigation into possible possession of contraband based on information received and the amount of canteen he had in his possession with no receipts. Id. at 3. According to the defendants, five days later Peters completed a probable cause search of the plaintiff's mail for possible contraband and tested three envelopes addressed to the plaintiff which appeared to be legal mail. Id. Peters and Columbia County Sheriff Detective Leland tested the envelopes using a MX908 testing device, owned by the Columbia County Sheriff's Department and used for the detection of illegal substances. Id. at 2-3. The three envelopes tested positive for illegal substances. Id. at 3. The defendants state that in response to the test results,

4

on November 27, 2022, Peters authored Conduct Report 294247 for possession of intoxicants and unauthorized use of the mail. Id. The defendants also state that about one week later, all the plaintiff's legal paperwork was returned to him except for the three pieces of mail referenced in the conduct report. Id. at 4. According to the defendants, there were no documents related to this case involved in Conduct Report 294247 and that any legal work the plaintiff had in his property related to this case would have been returned to him on December 5, 2022. Id.

At the conduct report hearing, the hearing committee found the plaintiff guilty of possession of intoxicants and unauthorized use of the mail and sentenced him to thirty days loss of phone and 120 days disciplinary separation. Id. The defendants say that about one week after the hearing, Peters learned that the sheriff department's drug testing device had some inconsistencies in its test results, and he started questioning the results from the drug test of the plaintiff's documents. Id. Peters told the warden and security director about his concerns and on December 20, 2020, Peters retested the plaintiff's documents and they tested negative. Id. at 4-5. That same day, the documents listed in Conduct Report 294247 were provided to the plaintiff and the conduct report was subsequently dismissed. Id. at 5. The defendants state that the plaintiff now has access to all legal paperwork that was previously in his possession and that because his documents have been returned, his motions are moot. Id. at 6. The defendants contend that the court

should deny the plaintiff's motions and set a deadline for him to respond to the defendants' motion for summary judgment. Id.

On January 11, 2023, the court received from the plaintiff a reply in support of his motion for appointment of counsel and to stay proceedings.[3] Dkt. No. 27. He states that since he filed his motions on December 5, 2022, the harassment by prison officials has increased. Id. at 2. The plaintiff asserts that on January 1, 2023, his legal papers were confiscated again for about three days and that, when returned, his papers had "incapacitating agents" on them and that he has contraindications to incapacitating agents. Id. The plaintiff also says that more documents were missing. Id. The plaintiff states that a security supervisor at Columbia told him that Peters set him up. Id. According to the plaintiff, this was not an isolated incident, and the defendants have not provided evidence that the plaintiff can prosecute this case on his own. Id. at 3. The plaintiff states that he is missing many legal papers in this case, and that he cannot respond to defendants' motion for summary judgment due to missing discovery materials. Id. at 4.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too

---

[3] This filing includes the plaintiff's motion to withdraw his motion for preliminary injunction, discussed above.

many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds

7

the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491.

The plaintiff has not established that he made a reasonable attempt to find a lawyer on his own. He says that he reached out to a few lawyers, but he doesn't say who he contacted or when he contacted them. Without this information, the court cannot conclude that the plaintiff made a reasonable attempt to find a lawyer on his own. Even if he had, the court would not recruit a lawyer to represent him. The plaintiff seeks counsel primarily because he lacks the full case file. The court will order the defendants to provide the plaintiff with a copy of all documents filed in this case.[4] The defendants have moved for summary judgment on exhaustion grounds and the court is confident that, with his legal materials, the plaintiff will be able to respond to the defendants' motion. The court encourages defense counsel to notify appropriate staff at Waupun that they will be mailing the above-referenced documents to the plaintiff and that he needs the documents to respond to the

---

[4] The plaintiff asked that the court provide the plaintiff with the full case file but, under the circumstances, the court will order the defendants to provide it.

8

defendants' motion. The court will deny the plaintiff's motion to appoint counsel.

In addition to ordering the defendants to provide the plaintiff with a copy of all documents filed in this case, this order also sets a deadline for the plaintiff to respond to the defendants' motion for summary judgment on exhaustion grounds. The court will deny as moot the plaintiff's motion to stay proceedings.

The court **GRANTS** the plaintiff's motion to withdraw motion for preliminary injunction (Dkt. No. 27) and **ORDERS** that the motion for preliminary injunction (Dkt. No. 23) is **WITHDRAWN**.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 23.

The court **DENIES AS MOOT** the plaintiff's motion to stay proceedings. Dkt. No. 23.

The court **GRANTS IN PART** the plaintiff's motion for a complete reproduction of the record. Dkt. No. 23. The court **ORDERS** the defendants to provide the plaintiff with a copy of all documents filed in this case by the end of the day on **June 21, 2023**.

The court **ORDERS** that the plaintiff must file his response to the defendants' motion for summary judgment in time for the court to *receive* it by the end of the day on **July 21, 2023**. If, by the end of the day on July 21, 2023, the court has not received either the plaintiff's response to the defendants' motion for summary judgment or an explanation for why he cannot

9

timely file a response, the court will treat the defendants' motion as unopposed; in other words, it will consider the motion without input from the plaintiff. This means the court may grant the motion.

Dated in Milwaukee, Wisconsin this 8th day of June, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**