UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

                    Plaintiff,

v.                                      Case No. 21-cv-109-pp

SCOTT ECKSTEIN, JOHN KIND,
CHRISTOPHER STEVENS
and STEVEN SCHUELER,

                    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 34), DENYING AS MOOT PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 37), DENYING AS MOOT PLAINTIFF'S MOTION TO JOIN (DKT. NO. 37), DENYING AS MOOT PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT (DKT. NO. 37) AND ORDERING PLAINTIFF TO FILE RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      Antonio Marques Smith, who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on a claim that defendant Christopher Stevens delivered his legal mail opened and delayed the delivery of his mail in retaliation for a lawsuit the plaintiff filed against Stevens, and a claim against defendants Scott Eckstein, Steven Schueler and John Kind for allegedly failing to intervene in Stevens's allegedly retaliatory actions. Dkt. No. 8 at 11-12. On September 13, 2022, the defendants filed a motion for summary judgment in which they contend that the plaintiff has failed to exhaust his administrative remedies. Dkt. No. 14. The

1

plaintiff has not filed a response to that motion.[1] On July 7, 2023, the court received from the plaintiff a motion for reconsideration of the screening order. Dkt. No. 34. Two weeks later, the court received from the plaintiff a combined motion for reconsideration of the court's order screening the third amended complaint in Smith v. Stevens, Case No. 17-cv-667-pp (E.D. Wis.), a motion to join this case with Case No. 17-cv-667 and a motion to file an amended complaint in the joined case. Dkt. No. 37. The plaintiff filed this motion, which contains the captions and case numbers for this case and Case No. 17-cv-667, in both cases. On September 14, 2023 the court issued an order in Case No. 17-cv-667 denying the plaintiff's combined motion for reconsideration, request to join that case with this case and request to file a joint amended complaint. Smith v. Stevens, Case No. 17-cv-667, Dkt. No. 85. The court will deny as moot those same motions in this case.

---

[1] On October 18, 2022, the plaintiff filed a motion to reopen discovery and stay the defendants' motion for summary judgment because he had experienced multiple medical issues and related prison transfers that had prevented him from litigating the case (Dkt. No. 19 at 1, 3) and alternatively, a motion to extend his deadline to respond to the defendants' summary judgment motion by thirty days (Dkt. No. 21). The court granted the motion for an extension of time to respond to the defendants' summary judgment motion, giving the plaintiff until December 9, 2022. Dkt. No. 22. On December 6, 2022, the court received from the plaintiff a motion for preliminary injunction, appointment of counsel, to stay proceedings and for a complete reproduction of the record. Dkt. No. 23. On January 11, 2023, the court received from the plaintiff a motion to withdraw his motion for preliminary injunction. Dkt. No. 27. On June 8, 2023, the court issued an order addressing the plaintiff's motions and ordered that his response to the defendants' summary judgment motion was due on July 21, 2023. Dkt. No. 32.

## I. Motion for Reconsideration (Dkt. No. 34)

In his motion for reconsideration of the screening order, the plaintiff contends that he has stated a claim for a violation of his First Amendment right to free speech for the nine mail incidents described in the complaint. Dkt. No. 34 at 14. The plaintiff also contends that the complaint

> support[s] a theory under supervisory liability – failure to intervene and an act of deliberate indifference against defendants Eckstein, Schueler, Kind, Stevens and Swiekatowski. At the very least, all of these defendants turned a "blind eye." All had firsthand knowledge that Green Bay prison were engaged in a pattern and practice of opening plaintiff's incoming legal mail outside of his presence, delaying delivery and censoring literature unrelated to a legitimate penological interest.

Id. at 15. The defendants oppose the plaintiff's motion. Dkt. No. 38. The plaintiff has not filed a reply.

Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14-C-1727, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., No. 09-C-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

3

To prevail on a Rule 59(e) motion to amend judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

At screening, the court allowed the plaintiff to proceed on a retaliation claim against defendant Stevens based on allegations that Stevens had delivered the plaintiff's legal mail opened and that he had delayed the delivery of the plaintiff's mail in retaliation for a lawsuit the plaintiff filed against him. Dkt. No. 8 at 11. The court stated that specifically, the plaintiff's allegations imply that Stevens withheld the mail the plaintiff had spoken with him about about on June 18, 2017 that was delivered to the plaintiff the next day; that Stevens opened the plaintiff's legal mail on September 12, 2017; and that the plaintiff learned on February 1, 2018 that Stevens was holding a piece of his legal mail. Id. The court also allowed the plaintiff to proceed against defendants Eckstein, Schueler and Kind for failure to intervene based on allegations that

4

the plaintiff informed them of Stevens's retaliatory actions, but they did not do anything. Id. at 12. The court did not allow the plaintiff proceed on any other claims:

> While the plaintiff says that, in addition to Stevens, Kind, Eckstein, Schueler, Van Lanen, Swiekatowski and Wickman became very hostile to him after he filed 17-cv-667, he hasn't alleged any specific incidents of retaliation by these defendants.
>
> . . . .
>
> While the plaintiff appears to be saying that his allegations beginning in June 2017 and ending in March 2019 describe an ongoing conspiracy among the defendants to retaliate against him, he has not pled a conspiracy. A "bare allegation" of a conspiracy does not state a claim. See, e.g., Cooney v. Rossiter, 583 F.3d 967, 970–71 (7th Cir. 2009); Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999). When a case may be "paranoid pro se litigation" and the complaint alleges "a vast, encompassing conspiracy," the plaintiff must "meet a high standard of plausibility." Cooney, 583 F.3d at 971. To plead a plausible conspiracy, the plaintiff must allege facts showing an agreement among the defendants to inflict constitutional harm. See, e.g., Ryan, 188 F.3d at 860. "Such allegations usually take one of two forms: (1) direct allegations of an agreement, like an admission by a defendant that the parties conspired; or (2) more often, circumstantial allegations of an agreement, which are claimed facts that collectively give rise to a plausible inference that an agreement existed." Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019).
>
> If each correctional officer made an independent decision to retaliate against the plaintiff for his own reasons, then no conspiracy existed, because the defendants did not all agree with one another to retaliate. Cf. Twombly, 550 U.S. at 553–54 (recognizing that a series of independent decisions does not constitute a "contract, combination, or conspiracy" under the Sherman Act). The plaintiff alleges that he engaged in other actions—like filing grievances, writing the "Satan's Metal Doors to Hell" essay and filing a John Doe petition—for which the defendants retaliated against him. The plaintiff pleads no facts giving rise to a reasonable inference that the alleged ongoing retaliatory acts were the product of an agreement to retaliate rather than independent decisions by each defendant. He simply identifies several acts of alleged retaliation that occurred over the course of one and three-quarter years and speculates that they

5

> must have been the result of a conspiracy among the defendants to retaliate. See Daugherty v. Harrington, 906 F.3d 606, 612 (7th Cir. 2018) (a plaintiff may not rely on mere speculation that a conspiracy exists). The plaintiff has not pleaded direct or circumstantial facts suggesting that the alleged unlawful acts were taken because of an agreement among all defendants to retaliate against him. The court will dismiss the plaintiff's claim of conspiracy for failure to state a claim.
>
> Finally, the plaintiff's allegations that he suffered retaliation for reasons other than filing Case No. 17-cv-667 may state retaliation claims, but he may not pursue that claim in this case. While a plaintiff may include multiple claims against a single party in the same case, a plaintiff cannot bring unrelated claims against different defendants in the same case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").
>
> The plaintiff may proceed on a retaliation claim against defendants Stevens, Eckstein, Schueler and Kind based on the three above-described instances of mail interference. The court will dismiss the remaining claims and defendants.

Dkt. No. 8 at 11-14.

At screening, the court did not analyze whether the plaintiff's allegations against Stevens stated a claim under the First Amendment. As stated above, the court allowed the plaintiff to proceed on a retaliation claim against Stevens based on allegations that on June 18, 2017, September 12, 2017 and February 1, 2018, Stevens opened the plaintiff's legal mail outside of the plaintiff's presence and delayed delivering the mail, all in retaliation for a lawsuit the plaintiff filed against Stevens. The alleged two-week delay in the plaintiff

6

Case 2:21-cv-00109-PP   Filed 10/31/23   Page 6 of 10   Document 40

receiving the June 18, 2017 letter and the plaintiff's allegation that Stevens held the plaintiff's February 1, 2018 letter from his lawyer that was later delivered to the plaintiff do not state a claim under the First Amendment. Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action under the First Amendment. Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000) (citing Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) (concluding that "relatively short-term and sporadic" delays in receiving more than eighteen pieces of mail did not violate First Amendment)); see also Ahlers v. Rabinowitz, 684 F.3d 53, 64-65 (2d Cir. 2012) (concluding that eleven instances of delayed or withheld mail over four months did not violate First Amendment). And the plaintiff has not alleged that Stevens's actions hindered his efforts to pursue a legal claim, so he doesn't state an access-to-courts claim based on the alleged interference with his legal mail. See Guajardo-Palma v Martinson, 622 F.3d 801, 805 (7th Cir. 2010); see also Harrison v. Cty. of Cook, Ill., 364 F. App'x 250, 252 (7th Cir. 2010) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)).

The plaintiff contends that the court should have considered the other instances of mail delay and allowed him to proceed on a claim that the defendants "had knowledge that Green Bay prison were engaged in a pattern and practice of opening plaintiff's incoming legal mail outside of his presence, delaying delivery and censoring literature unrelated to a legitimate penological interest." Dkt. No. 34 at 15. In the complaint, the plaintiff first alleges that Stevens retaliated against him by delaying his legal mail and/or opening it

outside of the plaintiff's presence. The plaintiff subsequently alleges five other instances of his mail being delayed or opened outside of his presence: (1) on October 1, 2018, the plaintiff wrote to Swiekatowski and told him that his sister had sent him "copies of some legal documents" about a month prior; the next day the plaintiff received the documents (Dkt. No. 1 at ¶12); (2) on November 5, 2018, "properly addressed legal mail to him from Corporation Counsel" arrived opened (Id. at ¶13); (3) on December 12, 2018, the plaintiff received mail "properly identified as coming from a law firm" that was opened (Id. at ¶22); (4) on December 28, 2018, the plaintiff received mail "properly addressed by a law firm" that had been opened (Id. at ¶23); and (5) on March 7, 2019, the plaintiff was called to the property room where Officer Vertz showed him a letter from his attorney that had been opened and a DVD that was not inside an envelope (Id. ¶24). The plaintiff also alleges that an essay he wrote that criticized the conditions and treatment of persons incarcerated in solitary confinement at Green Bay Correctional Institution was initially delayed in being delivered to him, then denied altogether, and that no penological interest existed to deny his essay. Id. at ¶¶15-16.

The plaintiff's allegations about Stevens's alleged retaliatory interference with his legal mail from June 18, 2017 through February 1, 2018 are distinct from the plaintiff's allegations regarding the interference with his mail and non-delivery of his essay that occurred from October 1, 2018 through March 2019. Dkt. No. 8 at 13-14. As explained in the screening order, the plaintiff may file another lawsuit if he wants to pursue First Amendment and/or retaliation

claims based on these allegations. The plaintiff has not shown that the court erred by not allowing him to proceed on a First Amendment claim that the defendants had a practice of denying his legal mail based on these allegations.

The court already has noted that it denied the plaintiff's motions to reconsider, to join cases and to file an amended complaint in the joined cases in Case No. 17-cv-667. It denies those motions here, for the same reasons it denied them in Case No. 17-cv-667.

The defendants assert that they are entitled to summary judgment because the plaintiff failed to exhaust administrative remedies on September 13, 2022. Dkt. No. 14. The court will give the plaintiff one more extension of time to respond to the defendants' summary judgment motion. If the plaintiff does not file his response in time for the court to *receive* it by the deadline below, the court will consider the motion unopposed and resolve it without input from the plaintiff.

## II. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 34.

The court **DENIES AS MOOT** the plaintiff's motion for reconsideration. Dkt. No. 37.

The court **DENIES AS MOOT** the plaintiff's motion to join. Dkt. No. 37.

The court **DENIES AS MOOT** the plaintiff's motion to file amended complaint. Dkt. No. 37.

The court **ORDERS** that the plaintiff must file his response to the defendant's motion for summary judgment—or file a written explanation for

9

why he cannot timely file a response—in time for the court to *receive it* by the end of the day on **December 1, 2023**. The court **ORDERS** that if the court has not received either the plaintiff's response to the defendant's motion for summary judgment or a written explanation for why he cannot timely file a response by the end of the day on December 1, 2023, the court will treat the defendant's motion as unopposed, without considering a response from the plaintiff.

Dated in Milwaukee, Wisconsin this 31st day of October, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**