UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

                Plaintiff,

v.                                       Case No. 21-cv-109-pp

SCOTT ECKSTEIN, JOHN KIND,
CHRISTOPHER STEVENS
and STEVEN SCHUELER,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO WITHDRAW CLAIM (DKT. NO. 44) AND DENYING PLAINTIFF'S MOTION TO AMEND (DKT. NO. 44)**

      Antonio Marques Smith, who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on a claim that defendant Christopher Stevens delivered the plaintiff's legal mail opened and delayed the delivery of the plaintiff's mail in retaliation for a lawsuit the plaintiff filed against Stevens, as well as a claim against defendants Scott Eckstein, Steven Schueler and John Kind for allegedly failing to intervene in Stevens's allegedly retaliatory actions. Dkt. No. 8 at 11-12. On September 13, 2022, the defendants filed a motion for summary judgment in which they contend that the plaintiff has failed to exhaust his administrative remedies. Dkt. No. 14.

      The court has given the plaintiff several opportunities to respond to the defendants' motion, but he has not done so. The last time the court ordered the

1

plaintiff to respond to the defendants' motion was on November 28, 2023, when it granted the plaintiff's motion for extension of time until January 2, 2024 to file his response. Dkt. No. 43. Instead of filing a response to the defendants' motion for summary judgment, the plaintiff filed a combined motion to withdraw claim and amend his complaint. Dkt. No. 44. The court will deny without prejudice the plaintiff's motion to withdraw claim, deny the plaintiff's motion to amend and give the plaintiff one, final opportunity to respond to the defendants' motion summary judgment.

I.      **Motion to Withdraw Claim and Amend Complaint (Dkt. No. 44)**

In support of his motion to withdraw claim, the plaintiff argues that the court misinterpreted his claims when it screened the complaint because it did not allow him to proceed on more claims of interference with his mail. Dkt. No. 44 at 2-4. The plaintiff states that he has filed several motions arguing that the court should have allowed him to proceed on more claims than it did. Id. at 2-3. He cites to his latest motion for reconsideration of the court's screening order. Id. at 3. The court denied that motion on October 31, 2023 and ordered the plaintiff to respond to the defendants' motion for summary judgment. Dkt. No. 40. The order contains a thorough review of the allegations in the complaint, the court's screening order, the claims the plaintiff wanted the court to include in this case, the court's reasons for not including them and the court's direction to the plaintiff that he could file a new case bringing these allegations. Id. at 4-9. In his motion to withdraw, the plaintiff asks the court to let him withdraw all claims from the court's original screening order upon

2

which the court allowed him to proceed and asks the court to screen the amended complaint that he filed along with his motion to amend. Dkt. No. 44 at 5; Dkt. No. 44-1.

The defendants filed a response, stating that they do not oppose the plaintiff's request to withdraw his claims. Dkt. No. 46. But they argue that the plaintiff's motion to amend is not truly a motion to amend, but a motion to reconsider the court's screening order, which the court previously denied. Id. at 1. The defendants contend that the court should deny the plaintiff's motion to amend/reconsider and grant their motion for summary judgment on exhaustion grounds. Id.

The plaintiff replies that the court's screening order should have given him an opportunity to choose which claims he wanted to proceed on. Dkt. No. 47 at 2. He states that he "may have filed several motions in this case as a pro se litigant attempting to articulate to the court his desire to proceed on different claims he initially alleged in his original complaint, and those motions may have been 'entitled' incorrectly, or not well pled like lawyers." Id. at 4. The plaintiff states that he "was never provided an opportunity to 'choose' which claims he wanted to proceed on once the court screened his original complaint, and held that the complaint violated Federal Rules of Civil Procedure 18 and 20." Id. The plaintiff states that courts in this district allowed unrepresented litigants to "choose" which claims they "wanted" to proceed on when the complaint presented deficiencies and allowed for the litigants to amend their complaints. Id. at 4-5. He states that this is what he has been trying to do. Id.

3

at 5. The plaintiff states that he "simply wanted his deficient complaint to receive the same fair and just treatment as other deficient pro se litigants' complaints received at screening." Id. The plaintiff states that "if the court decide[s] that a dismissal with prejudice is warranted, the plaintiff will not object only in the event that he has his amended complaint processed under the current case number." Id. at 5-6. The plaintiff states that "a manifest error was made in fact or how the courts proceed in screening a deficient pro se litigant['s] initial complaint, and that justice call for [the plaintiff] to be treated equal and fair by being permitted to amend his original complaint to fix the deficiencies and choose which claims he want[s] to proceed on in this case." Id. at 6.

## II. Discussion

The court screened the complaint on May 23, 2022. Dkt. No. 8. It issued a scheduling order on July 25, 2022, dkt. no. 13, and the defendants filed their motion for summary judgment on exhaustion grounds on September 13, 2022, dkt. no. 14.

On October 18, 2022, the plaintiff filed a motion to reopen discovery and stay the defendants' motion for summary judgment because he had experienced multiple medical issues and related prison transfers that had prevented him from litigating the case (Dkt. No. 19 at 1, 3) and alternatively, a motion to extend his deadline to respond to the defendants' motion for summary judgment by thirty days (Dkt. No. 21). The court granted the motion

4

for an extension of time to respond to the defendants' summary judgment motion, giving the plaintiff until December 9, 2022. Dkt. No. 22.

On December 6, 2022, the court received from the plaintiff a motion for preliminary injunction, appointment of counsel, to stay proceedings and for a complete reproduction of the record. Dkt. No. 23. In that motion, the plaintiff said that he did not have access to his legal papers due to an investigation at his institution. Id. On January 11, 2023, the court received from the plaintiff a motion to withdraw his motion for preliminary injunction. Dkt. No. 27. On June 8, 2023, the court issued an order addressing the plaintiff's motions, ordered the defendants to provide the plaintiff with a copy of all documents filed in the case and ordered that the plaintiff's response to the defendants' summary judgment motion was due on July 21, 2023. Dkt. No. 32.

On July 7, 2023, the plaintiff filed a motion for reconsideration of the screening order. Dkt. No. 34. On July 25, 2023, the plaintiff filed a motion for reconsideration, motion to join this case with another one of his cases (17-cv-667) and a motion to file an amended complaint. Dkt. No. 37. On October 31, 2023, the court denied the plaintiff's motions. Dkt. No. 40. As stated above, the court's October 31 order provides a thorough review of the plaintiff's complaint, his claims and the court's screening order. Id. at 4-9. The plaintiff now states that the court erred because after determining that the complaint violated Federal Rules of Civil Procedure 18 and 20, it did not allow him to choose which claims upon which he wanted to proceed. When faced with a joinder issue when screening a complaint, the court may strike a complaint and grant

5

leave to replead, dismiss improperly joined claims or defendants, or sever the case into two or more cases. See Dorsey v. Varga, 55 F.4th 1094, 1107 (7th Cir. 2022); Fed. R. Civ. P. 21.

The plaintiff's contention that he has been trying to amend his complaint since the court issued the screening order does not comport with the above-described procedural timeline of the case. The court will not permit the plaintiff to withdraw his claims and file an amended complaint.[1] The defendants filed their motion for summary judgment on exhaustion grounds in September 2022. The court will give the plaintiff one, *final* opportunity to respond to the motion. If the plaintiff does not respond to the motion by the deadline set below, the court will resolve the motion without considering a response from him.

## III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to withdraw claim. Dkt. No. 44.

The court **DENIES** the plaintiff's motion to amend. Dkt. No. 44.

The court **ORDERS** that the plaintiff must file his response to the defendants' motion for summary judgment by the end of the day on **March 8, 2024**. If the court does not *receive* the plaintiff's response to the summary judgment motion by the end of the day on March 8, 2024, the court will resolve

---

[1] The court assumes that because it will not allow the plaintiff to amend his complaint, he will not want to withdraw his claim, so the court will deny without prejudice the plaintiff's motion to withdraw claim. If the plaintiff still wants to withdraw his claim, he may notify the court.

6

the defendants' motion for summary judgment without considering a response from the plaintiff.

Dated in Milwaukee, Wisconsin this 27th day of February, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**