UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MARQUES SMITH,

                Plaintiff,

v.                                            Case No. 21-cv-109-pp

SCOTT ECKSTEIN, *et al.*,
                Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 14) AND DISMISSING CASE**

Plaintiff Antonio Marques Smith, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983. The court screened the complaint and allowed the plaintiff to proceed on a claim that defendant Stevens delivered the plaintiff's legal mail opened and delayed the delivery of the plaintiff's mail in retaliation for a lawsuit the plaintiff had filed against Stevens, as well as a claim against defendants Eckstein, Schueler and Kind for allegedly failing to intervene in Stevens's allegedly retaliatory actions. Dkt. No. 8 at 11-12. The defendants have filed a motion for summary judgment, contending that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 14. The court will grant that motion and dismiss this case without prejudice.

1

I.   **Facts**[1]

The plaintiff is in the custody of the Wisconsin Department of Corrections and was housed at Green Bay Correctional Institution during the events described in the complaint. Dkt. No. 16 at ¶1. Defendants Warden Scott Eckstein, Security Director John Kind, Deputy Warden Steven Schueler and Officer Christopher Stevens worked at Green Bay during that time. Id. at ¶¶2-5. The court allowed the plaintiff to proceed on a First Amendment retaliation claim against Stevens based on allegations that he withheld the plaintiff's incoming legal mail on June 18, 2017, September 12, 2017 and February 1, 2018, and a failure-to-intervene claim against Eckstein, Schueler and Kind for allegedly being informed about Stevens's ongoing retaliatory actions but failing to take action. Id. at ¶6.

   A.   June 18, 2017, Mail Incident

On June 20, 2017, the Institution Complaint Examiner's (ICE's) office received from the plaintiff complaint GBCI-2017-15736. Dkt. No. 16 at ¶7. The complaint states that the one issue addressed is that "legal mail arrived to my cell already open." Dkt. No. 17-2 at 6. The plaintiff's inmate complaint includes the following details about the incident:

> On 6-5-2017, Officer Linssen (SCH second shift regular) approached my assigned cell passing out G tier mail. When Office Linssen, arrived at my assigned cell, he immediately notice[d] that my legal mail was already open. The envelop[e] was marked by the mail "Open in presence of Inmate" which acknowledge that the mail/envelop[e] was privilege[d]. Officer Linssen made a record of the issue, and

---

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

> stated that he will vouch to the fact that the envelop[e] arrived from the mail-room open[ed]. The envelop[e] in question was from one of my attorneys. I continue to have issues with my legal mail since my arrival to GBCI (9-30-2016).

Id.

The ICE investigated the plaintiff's complaint and found that the envelope was not opened the way the mailroom usually opened mail; the flap on the envelope was unsealed, not cut. Dkt. No. 16 at ¶8. The ICE addressed the situation with Stevens and because it could not be determined if the legal mail was opened by staff or if it was unsealed upon its arrival at the institution, the ICE recommended the complaint be dismissed. Id. The reviewing authority dismissed the plaintiff's complaint on July 19, 2017. Id. at ¶9.

The parties dispute whether the plaintiff filed an appeal to the Corrections Complaint Examiner. According to the defendants, the plaintiff did not appeal the dismissal of his complaint. Dkt. No. 16 at ¶10. According to the plaintiff, on July 22, 2027 he submitted an appeal to prison staff for mailing. Dkt. No. 52 at ¶10; Dkt. No. 53 at ¶11. He asserts that his appeal said Stevens was subjecting him to harassment and retaliation and that Eckstein and Kind were aware of Stevens's retaliatory actions but "failed to take corrective measures." Id. The plaintiff states that he did not receive a decision from the Secretary's Office within ninety days and he assumed the appeal was dismissed in accordance with DOC 310.13(4). Dkt. No. 52 at ¶10; Dkt. No. 53 at ¶12.

There were no other inmate complaints filed by the plaintiff alleging that his legal mail was opened or withheld out of retaliation on or around June 18, 2017. Dkt. No. 16 at ¶12.

3

B. September 12, 2017 Mail Incident

The plaintiff did not file any inmate complaints under the Inmate Complaint Review System (ICRS) in which he claimed that on or around September 12, 2017, his incoming legal mail was opened or withheld out of retaliation by Stevens. Dkt. No. 16 at ¶13. The plaintiff states that after learning from a mail log that Stevens opened his legal mail outside his presence, the plaintiff wrote to Eckstein, Schueler and Kind regarding Stevens's alleged harassment and retaliation against him. Dkt. No. 53 at ¶18. The plaintiff did not receive any response. Id. He states that about one week later, he spoke with defendant Kind and informed Kind of Stevens's retaliatory harassing actions. Id. at ¶19. According to the plaintiff, Kind assured him that he would investigate the plaintiff's claims of retaliation and harassment by Stevens relating to the mail incident. Id. at ¶20.

The plaintiff states that when an incarcerated individual brings to the attention of a supervisory staff member an issue or a complaint and the staff member promises an investigation, the ICRS will not conduct a parallel investigation. Id. at ¶21. He states that any such ICRS complaint will be dismissed. Id. The plaintiff also states that because the ICRS/DOC policies decline to investigate an inmate complaint that has been investigated by a supervisory staff member, the plaintiff believed he had exhausted the available administrative remedies. Id. at ¶22.

C.   February 1, 2018 Mail Incident

On February 2, 2018, the ICE's office received inmate complaint GBCI-2018-2976, in which the plaintiff claimed that staff had withheld his outgoing legal mail to Judge Hammer and the Department of Corrections' Office of Legal Counsel. Dkt. No. 16 at ¶14. The ICE investigated the complaint and found that the mail had been placed in Stevens's mailbox and once it was noticed, it was mailed out. Id. at ¶15. The ICE recommended that the plaintiff's complaint be affirmed. Id. The reviewing authority affirmed the plaintiff's complaint on February 27, 2018. Id. at ¶16.

A copy of the affirmed complaint was sent to Kind. Dkt. No. 53 at ¶26. The plaintiff states that he spoke with Kind about a week after the complaint was affirmed about Stevens's alleged retaliation. Id. at ¶27.

In his complaint, the plaintiff stated that his one issue was, "Legal mail being delayed/held from being mailed out of the institution." Dkt. No. 17-3 at 7. He described the following details surrounding his complaint:

> On January 10-11, 2018 I gave Officer NEVEU, two large brown envelopes with disbursements taped to both envelopes. One envelope was addressed to Honorable Marc A. Hammer . . . and the second envelope was addressed to Attorney Todd Allen . . . . Officer NEVEU, will vouch for the date and mail he received from me. Due to my concerns from pas[t] experiences involving my mail and the fact that by January 19, 2018 I still had not received returned disbursements from the cost of postage for the legal mail/envelopes, and that an Evidentiary Hearing was scheduled for January 23, 2018 and the legal material I mailed out was regarding the 01-23-2018 Evidentiary Hearing in Brown County, I asked Capt. Van Lanen on 01-19-2018 to check into the situation. Capt. Van Lanen did inform me that he made several calls which included the Business Office – Sgt. Cygan Mailroom – and Capt. Swiekatowksi. Capt. Van Lanen informed me that he was told that the envelopes in

5

question [were] mailed out on the 18th of January, and he [didn't] know why it was held for over a week within the inst.

On 01-22-2018 Capt. Swiekatowski informed me in person at my assigned cell that he "found three envelopes" belonging to me "inside of Capt. Stevens mail box. Two were the large Brown Envelopes with Disbursements attached to them and were legal mail. The third w[as] an envelope addressed to the C.C.E." Capt. Swiekatowski further stated "That's not [ac]ceptable for any mail to be held that long of a period of time but especially legal mail." Capt. Swiekatowski [said] that he "personally had the mail sent out on Thursday" (01-18-2018). Due to my legal mail being held, it essentially delayed/denied my access to the court. My hearing was on 01-23-18 and the Judge stated on the record that "Due to the late arrived of your motions [plaintiff], I have not had time to review your documents, they were given to me this morning in the mail." Wis. Dept. of Corrections Legal Counsel Mr. Todd Allen was asked by Judge Hammer if "he had received my motions"? Mr. Allen stated on the record "Last night/evening Your Honor, I received [the plaintiff's] motions." Capt. Stevens illegal withholding of my legal mail from being sent out directly effected legal proceedings in an open legal matter. On January 25, 2018 I received the two disbursements. The signature is totally illegible but the date was 01/12/2018. Someone knowingly and intentionally wrote a date on an official document that they knew was incorrect thus, falsifying a document which violate "work place rules/responsibilities for staff." This can only be construed as an attempt to cover-up the withholding of my legal mail [to] make it "appear" that the legal mail was mailed out within the next day/a reasonable amount of time. On 01-18-18 Capt. Swiekatowski stated that both envelopes had disbursements attached to them. Furthermore, on 01-19-2018 Capt. Van Lanen, contacted the Business Office and no money had been withdrawn from my account for postage for "both" envelopes.

Dkt. No. 17-3 at 7-12.

The ICE treated the plaintiff's complaint as alleging that staff held his legal mail, and summarized the fact of the complaint as follows:

[The plaintiff] complains that his legal mail was held for several days causing him to be denied access to the courts. He states that he sent a motion to Brown County court and Attorney Todd Allen. He also sent an envelope addressed to the CCE.

6

> Capt. Swiekatowski stated that [the plaintiff's] mail was placed into Capt. Stevens' mailbox. Once he noticed it, he had it sent out.
>
> Attorney Allen stated that everything that [the plaintiff] had in his motion was addressed.
>
> This examiner reviewed [the plaintiff's] complaint appeals and none of them were dismissed due to being untimely.
>
> Since [the plaintiff's] mail was held, the ICE recommends affirming this complaint for statistical purposes. He was not adversely affected. His motion was [ad]dressed and his complaint appeals were accepted. A copy will be forwarded to Mr. Kind for follow up as he deems necessary.

Dkt. No. 17-3 at 5.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of

the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

B.  Discussion

The defendants contend that the plaintiff did not exhaust available administrative remedies because he failed to file and appeal inmate complaints related to the claims on which the court allowed him to proceed. Dkt. No. 15 at 8. The Prison Litigation Reform Act (PLRA) states that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d

8

804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendants bear the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The Wisconsin Department of Corrections' (DOC) Inmate Complaint Review System (ICRS) provides the administrative process for incarcerated individuals who have complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a).[2] Before an incarcerated individual can file a lawsuit, he must exhaust all administrative remedies that the DOC has promulgated by rule. Wis. Admin. Code §DOC 310.05. Incarcerated individuals should use the ICRS to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints[.]" Wis. Admin. Code §DOC 310.08(1).

To use the ICRS, an incarcerated individual must file a complaint with the institution within fourteen days after the occurrence that gives rise to the complaint. Wis. Admin. Code §§DOC 310.07(1), 310.09(6). After reviewing and

---

[2] The 2002 version of the Wisconsin Administrative Code was in effect until March 2018. The court cites to that version because the plaintiff submitted his inmate complaints before March 2018.

9

acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§DOC 310.11(2), 310.11(11). The reviewing authority makes a decision within ten days following receipt of the recommendation. Wis. Admin. Code §DOC 310.12(1). Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the corrections complaint examiner (CCE). Wis. Admin. Code §DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the secretary of the DOC. Wis. Admin. Code §DOC 310.13(6). The secretary may accept, adopt or reject the recommendation, or return the appeal for further investigation. Wis. Admin. Code §DOC 310.14(2).

C. June 18, 2017 Incident

The defendants contend that the plaintiff failed to exhaust because he did not mention retaliation in complaint GBCI-2017-15736 and he did not appeal the dismissal of the complaint. Dkt. No. 15 at 8-9. According to the plaintiff, he did appeal the dismissal of this inmate complaint to the CCE. Dkt. No. 51 at 10. He states that his complaint exhausted his retaliation claim because it included the statement, "I continue to have issues with my legal mail since my arrival to GBCI (9-30-2016)." Id. The plaintiff also states that in his appeal he said that Stevens was harassing him and retaliating against him for filing complaints and a lawsuit. Id.

"The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." Jackson v. Esser, 105 F.4th 948, 958-59 (7th Cir. 2024) (quoting Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)). Assuming that an incarcerated individual has taken all the administrative steps, his "complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" Id. at 959 (quoting Schillinger v. Kiley, 954 F.3d 90, 995 (7th Cir. 2020)). To exhaust under Wisconsin's prison rules, inmate complaints must "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code. §DOC 310.09(1)(e).

The plaintiff's inmate complaint GBCI-2017-15736 did not raise the issue of retaliation or failure to intervene in retaliation and therefore did not exhaust these issues. See Schillinger, 954 F.3d at 995; Price v. Friedrich, 816 F. App'x 8, 10 (7th Cir. 2020) (retaliation claim not exhausted because grievances did not alert prison officials to incarcerated individual's belief that legal materials were destroyed in retaliation for grievances he filed). Because the plaintiff's inmate complaint did not raise these issues, the parties' dispute over whether the plaintiff filed an appeal is not material. See Harris v. Iverson, 751 F. App'x 945, 947 (7th Cir. 2019) (concluding incarcerated individual did not properly use the grievance system because identification of the problem occurred only at the appeal stage). The plaintiff failed to exhaust his administrative remedies regarding his June 18, 2017, mail incident.

D.  September 12, 2017 Incident

The defendants contend that the plaintiff did not exhaust this incident because he did file any inmate complaints claiming his incoming legal mail was opened or withheld based on retaliation. Dkt. No. 15 at 9. The plaintiff contends that he exhausted this claim because he complained to Stevens's supervisor, Kind, who told the plaintiff that he would open an investigation regarding the allegations. Dkt. No. 51 at 12-17.

The plaintiff's argument that writing letters or orally complaining to Kind exhausted this claim has no merit, because those are not acceptable methods for exhausting a claim under the ICRS. See Harris, 751 F. App'x at 947. The plaintiff has not averred that Kind told him not to file an inmate complaint; rather, he states that he assumed that he did not have to file one based on the DOC policy of dismissing inmate complaints when a parallel investigation will be conducted. Dkt. No. 53 at ¶21. But the plaintiff failed to even submit an inmate complaint and he cannot assume that it would have been futile to file one. Cf. Booth v Churner, 532 U.S. 731, 741 (2001) (incarcerated individual must exhaust administrative remedies, regardless of relief offered through administrative procedures); Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 537 (7th Cir. 1997) (holding that there is no futility exception to PLRA's exhaustion requirement). An administrative remedy was available to the plaintiff under the ICRS and the plaintiff failed to use it. He did not exhaust his claims related to the September 12, 2017 incident.

12

E.  February 2, 2018 Incident

The defendants contend that the plaintiff's inmate complaint GBCI-2018-2976 did not exhaust his retaliation or failure to intervene claims because he did not allege that Stevens withheld his mail out of retaliation and his general complaint regarding staff interference with outgoing mail was not sufficiently specific. Dkt. No. 15 at 9. The plaintiff contends that his inmate complaint put the ICE on notice of his claim because it said, "Due to my concerns from past experiences involving my mail . . .." Dkt. No. 51 at 17. He says this statement put the ICE on notice that the plaintiff had an "ongoing issue involving his mail and that it very well could be harassment out of retaliation." Id. The plaintiff also says that he is not required to file multiple successive grievances raising the same issue and that he previously had raised the issue of Stevens mishandling his mail to Eckstein, Schueler and Kind. Id. at 21.

The plaintiff's inmate complaint GBCI-2018-2976 did not allege that Stevens withheld mail out of retaliation or that any defendant failed to intervene in alleged retaliation. As explained in the discussion regarding his complaint GBCI-2107-15736, the complaint did not put the institution on notice of these issues and did not exhaust them. See supra. at 11-12.

The plaintiff's contention that his claim involves a continuing violation and therefore that he did not have to submit an inmate complaint is misplaced; *none* of the inmate complaints at issue in this case reference retaliation or failure to intervene. The plaintiff was required to exhaust his administrative

13

remedies and the inmate complaints the plaintiff submitted did not put the institution on notice of his retaliation or failure-to-intervene claims.

The defendants have satisfied their burden to show that the plaintiff failed to exhaust his administrative remedies. The court will dismiss this case without prejudice. See Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under §1997e(a) should be without prejudice).

### III. Conclusion

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 14.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in

federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**